UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LEON STAMBLER, § | |
|     Plaintiff, § | |
| § | Civil Action No. 2:09cv310 |
| vs. § | |
| § | JURY TRIAL DEMANDED |
| AMAZON.COM, INC.; *et al.*, § | |
|     Defendants. § | |

### ORIGINAL ANSWER AND COUNTERCLAIM OF DEFENDANTS SEARS HOLDINGS CORPORATION AND SEARS BRANDS, LLC TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendants Sears Holdings Corporation and Sears Brands, LLC (jointly, "Sears") respectfully files this Original Answer and Counterclaim to Plaintiff's Original Complaint (the "Complaint").

**PRELIMINARY STATEMENT**

Sears Holdings Corporation is a holding company that does not conduct operations, and thus questions how Plaintiff can in good faith claim it engages in any allegedly infringing acts. Sears Holdings Corporation reserves the right to seek the appropriate remedies from the Court. Subject to the foregoing, Sears answers the Complaint as follows:

**I.   THE PARTIES**

1. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and, accordingly, denies the same.

2. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, and, accordingly, denies the same.

3. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, and, accordingly, denies the same.

4. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, and, accordingly, denies the same.

5. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint, and, accordingly, denies the same.

6. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and, accordingly, denies the same.

7. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, and, accordingly, denies the same.

8. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint, and, accordingly, denies the same.

9. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint, and, accordingly, denies the same.

10. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, and, accordingly, denies the same.

11. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and, accordingly, denies the same.

12. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, and, accordingly, denies the same.

13. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint, and, accordingly, denies the same.

14. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and, accordingly, denies the same.

15. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint, and, accordingly, denies the same.

16. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint, and, accordingly, denies the same.

17. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, and, accordingly, denies the same.

18. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint, and, accordingly, denies the same.

19. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint, and, accordingly, denies the same.

20. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint, and, accordingly, denies the same.

21. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint, and, accordingly, denies the same.

22. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint, and, accordingly, denies the same.

23. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint, and, accordingly, denies the same.

24. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint, and, accordingly, denies the same.

25. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint, and, accordingly, denies the same.

26. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint, and, accordingly, denies the same.

27. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint, and, accordingly, denies the same.

28. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint, and, accordingly, denies the same.

29. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint, and, accordingly, denies the same.

30. Sears admits the allegations of paragraph 30 of the Complaint

31. Sears admits the allegations of paragraph 31 of the Complaint.

32. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint, and, accordingly, denies the same.

33. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint, and, accordingly, denies the same.

34. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint, and, accordingly, denies the same.

35. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint, and, accordingly, denies the same.

36. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint, and, accordingly, denies the same.

37.  Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint, and, accordingly, denies the same.

38.  Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint, and, accordingly, denies the same.

39.  Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint, and, accordingly, denies the same.

40.  Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint, and, accordingly, denies the same.

41.  Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint, and, accordingly, denies the same.

## II.   JURISDICTION AND VENUE

42.  Sears admits that the Complaint alleges that this is an action for patent infringement under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.  Sears further admits that subject-matter jurisdiction of patent claims is conferred upon this Court by 28 U.S.C. § 1338.

43.  Sears admits that 28 U.S.C. §§ 1391 and 1400 govern the venue of patent claims.  Sears admits that it does business in Texas and that it provides retail, including online retail, services to its Texas customers.  Sears denies any patent infringement.  As to the allegations regarding other named defendants, Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint, and, accordingly, denies the same.  Sears denies any remaining allegations in paragraph 43 of the Complaint.

### III. PATENT INFRINGEMENT

44. Sears admits that on August 11, 1998, U.S. Patent No. 5,793,302 ("'302 patent") entitled "METHOD FOR SECURING INFORMATION RELEVANT TO A TRANSACTION" was issued with Leon Stambler as the named inventor. Sears admits that a copy of the '302 patent is attached to the Complaint as Exhibit A. Sears admits that on October 26, 1999, U.S. Patent No. 5,974,148 ("'148 patent") entitled "METHOD FOR SECURING INFORMATION RELEVANT TO A TRANSACTION" was issued with Leon Stambler as the named inventor. Sears admits that a copy of the '148 patent is attached to the Complaint as Exhibit B. Sears is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 44 of the Complaint, and, accordingly, denies the same.

45. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint, and, accordingly, denies the same.

46. Sears denies the allegations of paragraph 46 of the Complaint as to it. As to the allegations regarding other named defendants, Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint, and, accordingly, denies the same.

47. Sears denies the allegations of paragraph 47 of the Complaint as to it. As to the allegations regarding other named defendants, Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint, and, accordingly, denies the same.

48. Sears denies the allegations of paragraph 48 of the Complaint as to it. As to the allegations regarding other named defendants, Sears is without knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Complaint, and, accordingly, denies the same.

## IV. JURY DEMAND

Sears admits that Plaintiff has articulated a jury demand.

## V. PRAYER FOR RELIEF

With respect to the allegations in the section of the Complaint entitled "Prayer for Relief," Sears admits that Plaintiff seeks the relief set forth therein, but denies that Plaintiff is entitled to any of the relief requested. Otherwise, the allegations of the "Prayer for Relief" section of the Complaint are denied.

## AFFIRMATIVE DEFENSES

1. Sears has not infringed and is not infringing any valid and enforceable claim of the '302 patent or the '148 patent.

2. Sears has not contributed to and is not contributing to the infringement of any valid and enforceable claim of the '302 patent or the '148 patent.

3. Sears has not induced and is not inducing the infringement of any valid and enforceable claim of the '302 patent or the '148 patent.

4. The '302 patent is invalid because it fails to meet the conditions set forth for patentability in Title 35, United States Code, including, but not limited to §§ 101, 102, 103 and 112 thereof.

5. The '148 patent is invalid because it fails to meet the conditions set forth for patentability in Title 35, United States Code, including, but not limited to §§ 101, 102, 103 and 112 thereof.

6.      Upon information and belief, Plaintiff's Complaint for Patent Infringement, and each purported claim against Sears alleged therein, fails to state facts upon which relief can be granted against Sears.

7.      Should Sears be found to infringe the '302 patent and/or the '148 patent, such infringement was not willful.

8.      Plaintiff's claims are barred by waiver, laches and equitable estoppel.

9.      To the extent Plaintiff may be entitled to damages, any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

10.     Plaintiff's claims for relief are limited by patent exhaustion and/or implied license.

11.     Plaintiff is estopped from asserting a construction of any claim of the '302 patent and/or the '148 patent in any manner inconsistent with prior positions taken before the United States Patent and Trademark Office or any court of law.

Sears reserves the right to assert additional affirmative defenses and counterclaims after further investigation, including but not limited to defenses related to validity and enforceability.

## ORIGINAL COUNTERCLAIM

Sears asserts the following Counterclaim against Plaintiff/Counter-Defendant Leon Stambler ("Stambler"):

### Jurisdiction and Venue

1.      This Court has jurisdiction over the claims for declaratory relief arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.

2.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391.

### The Parties

3.      As stated in Plaintiff's Original Complaint, Stambler is a citizen and resident of the State of Florida.

4.      Defendant/Counter-Plaintiff Sears Holdings Corporation is a Delaware corporation with its principal place of business in Illinois.

5.      Defendant/Counter-Plaintiff Sears Brands, LLC is an Illinois limited liability company with its principal place of business in Illinois.

### Declaratory Judgment

6.      Defendants/Counter-Plaintiffs Sears Holdings Corporation and Sears Brands, LLC (jointly, "Sears") incorporate the allegations contained above in the Original Answer and paragraphs 1 through 5 of this Counterclaim.

7.      Plaintiff/Counter-Defendant Stambler has filed suit in this matter asserting infringement of one or more claims of the '302 patent and/or the '148 patent.  Sears denies any liability for infringement and asserts that the referenced patent(s) are invalid and unenforceable. The allegations in the Complaint for Patent Infringement have created an actual and justiciable controversy between Plaintiff/Counter-Defendant Stambler and Defendant/Counter-Plaintiff Sears concerning the validity, enforceability, and infringement of the '302 patent and the '148 patent.

8.      Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Sears is entitled to a declaratory judgment that the '302 patent and the '148 patent are invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103 and 112.

9. Sears is also entitled to a declaratory judgment that it has not infringed, contributed to the infringement of, or induced the infringement of, and is not infringing, contributing to the infringement of, or inducing the infringement of, any valid and enforceable claim of the '302 patent or the '148 patent.

10. This is an exceptional case under 35 U.S.C. § 285. Accordingly, Sears is entitled to recover its reasonable attorneys' fees.

WHEREFORE, PREMISES CONSIDERED, Defendants Sears Holdings Corporation and Sears Brands, LLC respectfully request:

a. that Plaintiff take nothing by this action;

b. that the Court declare the '302 patent and the '148 patent have not been infringed by Sears;

c. that the Court declare the '302 patent and the '148 patent are invalid and unenforceable;

d. that the Court declare this case is exceptional under 35 U.S.C. § 285 and that Sears be awarded its costs, expenses, and reasonable attorneys' fees incurred herein; and

e. that the Court grant such other and further relief to which Sears may show itself justly entitled.

Dated:  December 31, 2009               Respectfully submitted,

**ANDREWS KURTH LLP**

By:        /S/  *Tonya M. Gray*
     Gerald C. Conley
     Texas Bar No. 04664200
     geraldconley@andrewskurth.com
     Tonya M. Gray
     Texas Bar No. 24012726
     tonyagray@andrewskurth.com

**ATTORNEYS FOR DEFENDANTS
SEARS HOLDINGS CORPORATION AND
SEARS BRANDS, LLC**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served on all counsel of record via electronic mail through Local Rule CV-5(a) on this 31st day of December, 2009.

        */s/ Tonya M. Gray*