IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **LEON STAMBLER**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:09-CV-310 (DF) |
| | § | |
| AMAZON.COM, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**O R D E R**

Before the Court is Plaintiff's Motion to Compel Complete Discovery from Defendants Neiman Marcus, Sears, and Staples. Dkt. No. 454. Also before the Court are the responses of: Neiman Marcus, Inc. ("Neiman Marcus") (Dkt. No. 461); Sears Holding Corporation, Sears Holdings Management Corporation, and Sears Brands, LLC (collectively, "Sears"); and Staples, Inc. ("Staples") (all collectively referred to herein as "Defendants") (Dkt. No. 462). Further before the Court are Plaintiff's replies (Dkt. Nos. 464 & 465) and Defendants' collective sur-reply (Dkt. No. 467). The Court held a hearing on May 5, 2011. *See* 5/11/2011 Minute Entry, Dkt. No. 484. Having considered the briefing, oral arguments of counsel, and all relevant papers and pleadings, the Court finds that Plaintiff's motion should be GRANTED.

**I. BACKGROUND AND THE PARTIES' POSITIONS**

This is a patent infringement case in which Plaintiff accuses Defendants' secure online payment systems. Plaintiff asserts United States Patents No. 5,793,302 and 5,974,148, both of which are entitled "Method for Securing Information Relevant to a Transaction."

Plaintiff moves to compel Neiman Marcus, Sears, and Staples to "fully answer" certain

1

interrogatories and to produce related documents. Dkt. No. 454 at 1.

**A. Plaintiff's Motion**

Plaintiff argues that Defendants are limiting their responses and production to the specific website listed as "examples" by Plaintiff's infringement contentions ("ICs" or "PICs"), namely staples.com, sears.com, and neimanmarcus.com. *Id.* at 2. Plaintiff submits that Defendants are refusing to provide discovery on "other websites and systems that use the *same accused technology* the *same way* as the accused system." *Id.* Plaintiff cites various documents and discovery responses to show that additional websites, other than those specifically named in Plaintiff's IC's, "provide access to the accused systems" or operate in the same manner. *See id.* at 3-5. Plaintiff submits it is entitled to discovery on these other websites pursuant to the "reasonably similar" standard of this Court. *Id.* at 9 (citing *epicRealm Licensing LLC v. Autoflex Leasing, Inc.*, C.A. No. 5:07-cv-125, -126, -135, Dkt. No. 419 (E.D. Tex. Nov. 20, 2007) & *epicRealm, Licensing, LLC v. Autoflex Leasing, Inc.*, No. 2:05-cv-163, -356, 2007 WL 2580969 (E.D. Tex. Aug. 27, 2007)). In particular, Plaintiff submits that the various websites at issue use "the same type of digital certificate" and "have the same underlying architecture." *Id.* at 10. Plaintiff further submits he has diligently sought discovery on all of Defendants' websites. *Id.* at 10-11 (citing *epicRealm*, 2007 WL 2580969, at *3 (noting that "[d]elay and diligence remain factors to consider")). By contrast, Plaintiff argues, Defendants "lay behind the log until late in the case" before explicitly refusing to provide the requested discovery. *Id.* at 11 (quoting *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 818 (E.D. Tex. 2006)). Plaintiff further notes that some of Defendants' allegedly infringing websites are accessible only to established customers or were out of use at the time Plaintiff served his infringement contentions. *Id.* at 12. Alternatively,

Plaintiff moves for leave to amend his ICs to name Defendants' reasonably similar websites. *Id.* at 12-15.

**B. Defendants' Responses**

Neiman Marcus responds first that Plaintiff delayed in seeking information about Neiman Marcus' other websites. Dkt. No. 461 at 1. In particular, Neiman Marcus notes it produced a list of its websites to Plaintiff in June 2010, four months before Plaintiff sought discovery on websites other than the one named in Plaintiff's ICs. *Id.* at 3. Second, Neiman Marcus argues that relevant public information has been available since before Plaintiff served his ICs so "Plaintiff should have discovered these other websites during his pre-litigation investigation." *Id.* at 1 & 7. Third, Neiman Marcus argues it would be "unduly burdened and prejudiced if Plaintiff's Motion is granted." *Id.* at 1. Neiman Marcus submits that granting Plaintiff's motion "can lead to a disruption of Neiman Marcus' day-to-day business operations." *Id.* at 8. Neiman Marcus further submits that the current discovery deadline is July 15, 2011, and granting Plaintiff's motion would require continuance of that deadline and "could lead to a continuance of other dates as well." *Id.*

Sears and Staples respond in similar fashion as Neiman Marcus. *See* Dkt. No. 462. Sears and Staples submit that they relied on Plaintiff's ICs and they argue that "[t]o change course now -- after a year of discovery and after claim construction, and notwithstanding that the information was publically available prior to Plaintiff filing suit -- would create the precise inequity the local Patent Rules are designed to prevent." *Id.* at 1. Sears and Staples also cite *Orion IP, LLC v. Staples, Inc.*, C.A. No. 2:04-cv-297, in which discovery was barred as to websites not named in infringement contentions. *Id.* at 3-4 (citing C.A. No. 2:04-cv-297, Dkt. No. 171 (E.D. Tex.

July 7, 2005) & 407 F. Supp. 2d 815, 816 (E.D. Tex. 2006)). Sears and Staples further submit that Plaintiff could have easily identified the other websites now at issue by simply browsing the websites named in the ICs and consulting the *Internet Retailer's Top 500 Guide*, an industry publication purportedly referenced by Plaintiff during settlement negotiations. *Id.* at 6-7. Sears and Staples further argue they "had no reason to provide discovery on unidentified sites given the differences in corporate ownership or architectural structure and operation of the 'other sites.'" *Id.* at 8.

Sears notes that Plaintiff originally sued only holding companies that conduct no retail business, and Sears argues that "[h]ad Plaintiff wanted to accuse those publically available sites, he needed to name the sites in his contentions and to timely sue the correct entities." *Id.* at 9. Staples, for its part, argues that staples.com (which Plaintiff named in his ICs) and stapleslink.com (which Plaintiff did not name) "operate on different servers, utilize different software, and are managed by different personnel." *Id.* Staples also submits that stapleslink.com "provide[s] functionality not present on staples.com," such as permitting a purchase without an immediate payment." *Id.* Finally, Sears and Staples argue that Plaintiff's alternative request for leave to amend the ICs should be denied, primarily based on Plaintiff's delay and failure to adequately investigate. *Id.* at 10-15.

**C. Plaintiff's Reply**

As to Sears and Staples, Plaintiff replies that his ICs "accuse secure payment systems, not individual websites." Dkt. No. 464 at 1. Plaintiff emphasizes that in *epicRealm*, the Court "permit[ted] discovery on unnamed websites when the supporting system is identified and accused." *Id.* at 2 (citing C.A. No. 5:07-cv-125, -126, -135, Dkt. No. 419 at 15). As to Sears,

4

Plaintiff replies that "[a]ny delay in naming the correct [Sears] entity allegedly attributable to [Plaintiff] is the direct result of Sears' refusal to answer discovery . . . ." *Id.* at 3. As to Staples, Plaintiff replies that "Staples does not deny that the systems at issue each use SSL to secure and process payments received over the Internet." *Id.* Plaintiff also urges that although customers using stapleslink.com have the option of paying later, "Staples documents indicate that those users also have the option of paying immediately, just like users of the systems that Staples concedes are 'accused.'" *Id.*

As to Neiman Marcus, Plaintiff replies in similar fashion as to Sears and Staples. *See* Dkt. No. 465. Plaintiff urges he did not delay because his initial discovery requests in April 2010 sought information and documents about all Neiman Marcus websites that use secure funds transfer systems. *Id.* at 3. Plaintiff also cites testimony by Neiman Marcus's corporate representative that the websites at issue use the same type of accused system as neimanmarcus.com. *Id.* at 4 (citing 11/18/2010 George Maas dep., Dkt. No. 454, Ex. AL at 32:10-33:8 ("Q. Do you agree that the NeimanMarcus.com website, the BergdorfGoodman.com website, the Horchow.com website, the CUSP.com website and the LastCall.com website share the same checkout system process. A. . . . If you're talking about technology, it's the same technology.")). Finally, in the alternative, Plaintiff reiterates that it has ample grounds for amending its ICs, if required.

**D. Defendants' Sur-Reply**

In collective sur-reply, Defendants reiterate that Plaintiff fails to show any diligence in investigating publically available information before filing suit and before serving his ICs. Dkt. No. 467 at 1. Defendants argue that *epicRealm* is distinguishable because there the plaintiff

accused particular systems by name whereas "Plaintiff here did not name any specific system in his contentions" and instead relied on identifying websites. *Id.* at 2. Defendants urge that Plaintiff should be limited to what is named in his contentions because the additional websites have been publically available. *Id.* at 3 (citing *Honeywell Int'l, Inc. v. Acer Am. Corp.*, 655 F. Supp. 2d 650, 656 (E.D. Tex. 2009)). Sears also submits that Plaintiff still has yet to name as Defendants the corporate entities responsible for any Sears-related websites other than sears.com. *Id.* at 3-4. Staples reiterates that stapleslink.com is not reasonably similar to staples.com and, moreover, Plaintiff could have named stapleslink.com in his ICs but failed to do so. *Id.* at 4.

## II. DISCUSSION

The Court has previously found "no bright line rule that discovery can only be obtained if related to an accused product identified in a party's PICs." *epicRealm*, 2007 WL 2580969, at *3. Further, "[t]he Court conclude[d] that the scope of discovery may include products and services (in this case, websites and systems) 'reasonably similar' to those accused in the PICs. This finding best comports with the 'notice pleading and broad discovery regime created by the Federal Rules' and the 'right to develop new information in discovery.'" *Id.* (citation omitted) (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)). Where an accused system is named or adequately described, "Plaintiff is entitled to all discovery for that system, including all of the websites that run on that system, regardless of whether the websites were specifically named in Plaintiff's PICs." *epicRealm*, C.A. No. 5:07-cv-125, -126, -135, Dkt. No. 419 at 15.

"The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit." *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex.

2005); *see also Realtime Data, LLC v. Packeteer, Inc.*, 2009 WL 2590101, at *2 (E.D. Tex. Aug. 18, 2009) ("By requiring a plaintiff to formulate, test, and crystallize their infringement contentions early in litigation, the case takes a clear path, focusing discovery on building precise final infringement [contentions] and narrowing issues for *Markman*, summary judgment, trial, and beyond.") (citations and internal quotation marks omitted). Plaintiff submits that several of the websites at issue have not been publically available or did not exist at the time Plaintiff served his ICs. Dkt. No. 454 at 12.

Moreover, unlike in *Orion IP*, Plaintiff is not proposing assertion of any new or undefined infringement theories as to websites not named in the ICs. *See* C.A. No. 2:04-cv-297, Dkt. No. 171 (E.D. Tex. July 7, 2005). Instead, Plaintiff has discovered additional websites that at least appear to provide access to the same systems or operate according to the same theories of infringement. Defendants' arguments about Plaintiff's delay and purported lack of diligence are therefore of limited weight because Plaintiff's ICs put Defendants on notice of Plaintiff's infringement theories.

On balance, Plaintiff's motion should be GRANTED. Defendants shall <u>not</u> limit their discovery responses to only the websites identified in Plaintiff's ICs but instead shall also respond as to reasonably similar websites. Defendants shall supplement their document production and discovery responses accordingly <u>within 60 days of this Order</u>. Also, the parties discussed during oral argument that extensions of certain scheduling order deadlines may be necessary. If any party or parties feel that extensions are necessary, such party or parties should file an appropriate motion.

Finally, Rule 37(a)(5) directs the Court to consider awarding expenses to the prevailing

party:

> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>>
>> (iii) other circumstances make an award of expenses unjust.

On one hand, Defendants have read the case law of this Court's district too narrowly, as discussed above. On the other hand, Plaintiff's delay in pursuing this issue to motion has provided Defendants with non-frivolous arguments that Plaintiff's requested relief at this late stage of discovery would cause excessive unfair prejudice to Defendants. Plaintiff served his ICs in March 2010. Plaintiff's motion cites a Neiman Marcus document, produced in June 2010, that identifies websites not named in the ICs. *See* Dkt. No. 454 at Ex. AA; Dkt. No. 461 at 3. Staples also represented during oral argument that the stapleslink.com website requires a password to use but also offers a "tour," and Plaintiff only responded that not all of the functionality is evident from the "tour." Plaintiff did not dispute that the stapleslink.com website is publically visible. As to Sears, during oral argument Sears noted that kmart.com is linked on the sears.com website. In sum, Plaintiff could have included at least some these other websites in his ICs, and Plaintiff could have moved to compel or to amend his infringement contentions several months earlier than he did.

In granting Plaintiff's motion, the Court has rejected Defendants' substantive arguments, but in light of Plaintiff's at least partial lack of diligence, Defendant's "nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). Alternatively, Plaintiff's delay is a "circumstance mak[ing] an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Although the Court is mindful of the requirement in Rule 37(a)(5)(A)(i) that a movant first attempt to obtain discovery without judicial intervention, the parties' briefing and oral arguments demonstrate that Plaintiff's delay resulted at least in part from a lack of diligence. As a result, the Court makes no award of expenses for this motion.

### III.  CONCLUSION

Plaintiff's Motion to Compel Complete Discovery from Defendants Neiman Marcus, Sears, and Staples (Dkt. No. 454) is hereby **GRANTED**.

The Court hereby **ORDERS** Defendants to supplement their document production and discovery responses in accordance with the foregoing within 60 days of this Order.

**IT IS SO ORDERED.**

**SIGNED this 13th day of May, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE